
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINGLONG LIU,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　Respondent. | No.　15-71286<br><br>Agency No. A205-175-004<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2019
San Francisco, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and RAKOFF,[**] District
Judge.

Petitioner Jinglong Liu, a native and citizen of the People's Republic of

China (China), seeks review of the Board of Immigration Appeals' ("BIA") order

denying his application for asylum, withholding of removal, and relief under the

---

[*]　　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　　The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Convention Against Torture. The BIA affirmed the Immigration Judge's ("IJ") decision that Petitioner was not credible due to inconsistences in Petitioner's testimony and material omissions from Petitioner's asylum application. We deny the petition for review.

Petitioner's application for relief is based on two separate incidents: (1) Petitioner's attempt to prevent his wife from undergoing a forced abortion pursuant to China's one child birth policy, and (2) Petitioner's whistleblowing regarding equipment problems at his former place of employment.

The BIA's adverse credibility finding as to Petitioner's first claim is supported by substantial evidence. Petitioner offered conflicting testimony regarding whether he and his wife suspected she was pregnant. Petitioner initially testified that his wife had no idea she was pregnant, but then admitted during the IJ's questioning that he and his wife wondered whether she might be pregnant because she had missed her period. His testimony regarding his opposition to the abortion was not credible because as the IJ and BIA correctly concluded, it is unlikely the birth control office would call Petitioner and wait for him to arrive when the officials had already decided that Petitioner's wife would be required to have an abortion.

Substantial evidence also supports the BIA's adverse credibility finding as to Petitioner's second claim regarding his alleged whistleblowing. He testified that after he left China the police showed up at his home every few months looking for him. But this significant point was not included in his application. When the IJ asked about this omission Petitioner stated he hadn't thought about it. The IJ and BIA reasonably drew an adverse credibility inference from this material omission. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016) (concluding the petitioner's explanation that he "forgot" about an altercation with the police was not believable).

Further, Petitioner provided a letter in support of his asylum application from his former employer, but the letter says nothing about any termination of Petitioner or about any police investigation. The letter simply provides Petitioner's dates of employment. As the IJ and BIA concluded, it seems unlikely that the company would fire him, refer him to the police, and then provide a letter of employment without referencing these material events. The record does not compel a favorable credibility finding on either his claim of opposition to a forced abortion or fear of retaliation from whistleblowing. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

**DENIED.**